# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:19CV-P86-JHM

**TERRY LEE GREGORY**                                                                **PLAINTIFF**

**v.**

**JUDGE BRIAN WIGGINS** *et al.*                                         **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Terry Lee Gregory filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint (DN 1), the amended complaint (DN 4), and the second amended complaint (DN 7) pursuant to 28 U.S.C. § 1915A.[1] For the reasons stated below, the Court will dismiss the action.

## I. SUMMARY OF COMPLAINT

Plaintiff is a pretrial detainee at the Daviess County Detention Center. He sues the following Defendants: McLean County Circuit Judge Brian Wiggins; McClean County District Judge Brian Crick; and Ralph D. Vick, the Commonwealth's Attorney in McLean and Muhlenberg Counties. He sues Defendants in their individual and official capacities.

In the second amended complaint,[2] Plaintiff states that on May 14, 2019, in McLean County District Court, he was "racially discriminated against and given an excessive bond of $1,000 full cash and a $5,000 full cash." He asserts, "My codefendant John M. Boring became a free man from the judgement rendered by Judge Crick that day." He states that the evidence

---

[1] Plaintiff filed a separate action against Defendants Wiggins and Crick, Civil Action No. 4:19CV-P88-JHM. By Order entered on August 19, 2019, in that action, the Court consolidated the two actions, directed that the complaint in that action be filed in the instant action, and ordered that the other action be administratively closed.

[2] The complaint and amendments allege essentially the same facts relevant to this initial review. The Court will summarize the second amended complaint because it is the most recent filing. However, since it does not contain specific allegations against Defendant Vick, the Court will refer to the first amended complaint with regard to the allegations against him.

found in Boring's home, evidence found in his pocket, and a statement from a confidential source show that Boring was in "possession of a handgun, loaded and being a convicted felon, baggie of meth in his wallet, a baggie of marijuana in his pocket, marijuana smoking pipe also in his pocket." Plaintiff also states that a gun magazine and ammunition were found in Boring's bedroom and that a confidential source witnessed Boring smoking meth with his underage son. Plaintiff states, "John Boring is a caucasion male and he was a free man after our bond hearing May 14th 2019 10 am in Judge Crick's District Court Room and I was given those $1000, and $5000 full cash bonds." He continues, "Now what was recovered from my person was: usb drive, $246, pocket knife, pointer/pen[;] in my vehicle was found my business bag w/ 2 laptops, my business license, drone w/ controller, and a secret hiding can. NO DRUGS, NO GUNS, NO Bullets. And I am an African American."

Plaintiff further states that he has felony charges pending from an earlier case in Daviess County. He states, "But Judge Wiggins on July 1st justifies my bond remaining the same because of it . . . ." He states that there was "no evidence of any wrong doing other than my showing up at the home of John Boring while his house is being raided by Coomes and the [McClean County Sheriff's Office]." Plaintiff maintains, "With all the factual evidence provided it is within reason to believe I was given an excessive bond(s) that was given on part or whole racialy biased judgement and discriminated against."

Plaintiff also states, "I have become a target in light of my suite against McLean County Sheriff Major Coomes." He asserts that he sent a letter to Defendant Wiggins telling him that he believed that he was being racially discriminated against and "would aggressively persue legal recourse against him and his court . . ." and that he would seek a change of venue in the state

2

criminal action. Plaintiff states that after Defendant Wiggins received the letter he was given new charges. He states that this is an act of "obvious retaliation."

With regard to Defendant Vick, in the first amended complaint, Plaintiff states, "On 7-1-19 Commonwealth Atty Ralph D. Vick suggested my bond remain the same and Circuit Court Judge Brian Wiggins agreed."

As relief, Plaintiff seeks compensatory and punitive damages and requests that all charges to be dropped.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be

held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

### A. *Official-capacity claims*

Plaintiff sues all Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are all state employees or officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claims for monetary damages must be dismissed.

Plaintiff also requests injunctive relief in the form of all charges being dropped. However, this Court has no authority to interfere in state-court criminal proceedings to dismiss pending charges, except in very limited circumstances not present in the instant case. *Younger v. Harris*, 401 U.S. 37 (1971); *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996). Therefore, Plaintiff's official-capacity claims seeking injunctive relief must also be dismissed.

Accordingly, Plaintiff's official-capacity claims against Defendants for monetary and injunctive relief must be dismissed for seeking monetary damages from a defendant immune from such relief and failure to state a claim upon which relief may be granted.

### B. *Individual-capacity claims*

**1. Defendants Wiggins and Crick**

With regard to the individual-capacity claims against Defendants Wiggins and Crick, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations--for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57.

Plaintiff alleges that Defendants Wiggins and Crick discriminated against him in setting his bond and brought new charges against him in retaliation for filing a federal suit concerning his arrest. These actions are in the scope of the judges' judicial capacity and not beyond their jurisdictional authority. *See Mills v. Davis*, No. 1:13-cv-57, 2014 U.S. Dist. LEXIS 86152, *13-15 (E.D. Tenn. 2014) (holding that judicial immunity applied to claim that a judge engaged in discrimination in setting bond); *Arnold v. Greeley*, No. 2:14-cv-58, 2014 U.S. Dist. LEXIS

64820, at *4-5 (W.D. Mich. May 12, 2014) (holding that juridical immunity applied to claim that judge retaliated against plaintiff for filing civil suit).

Consequently, Plaintiff's individual-capacity claims against Defendants Wiggins and Crick must be dismissed for failure to state a claim upon which relief may be granted.

**2. Defendant Vick**

Plaintiff identifies Defendant Vick as the Commonwealth's Attorney who is prosecuting him. Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

Thus, Plaintiff's individual-capacity claim against Defendant Vick must also be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion. The dismissal of this § 1983 action does not prevent Plaintiff from seeking habeas

corpus relief should he so choose.  The **Clerk of Court is DIRECTED** to send Plaintiff a 28 U.S.C. § 2241 petition form.

Date: August 29, 2019

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.010